# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMIKA E. STEVENSON, ) | Civil Action No. 2:15-0704-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                      ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SANTANDER CONSUMER, USA, ) | |
| ) | |
| Defendant.           ) | |
| _____) | |

This action has been filed by the Plaintiff pro se. The Defendant filed a motion for more definite statement pursuant to Rule 12(e), Fed.R.Civ.P., arguing that Plaintiff has failed to allege facts sufficient to show that this Court has jurisdiction over any claims Plaintiff is intending to assert, or even what those claims are. That motion was granted on September 8, 2015 (Court Docket No. 22). Plaintiff was provided instructions and ordered to file an amended complaint within thirty (30) days of the date of that Order that conformed to the pleading requirements of the Fed.R.Civ.P., setting forth the specific claims being asserted against the Defendant and the jurisdictional bases therefore. Plaintiff was further specifically advised in that Order that if she failed to comply with the Order, her case could be dismissed. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); see Rule 41(b) Fed.R.Civ.P.

However, notwithstanding the specific warning and instructions as set forth in the Court's Order, the Plaintiff failed to respond to the Order, or to contact the Court in any way. Therefore, Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669



F.2d 929 (4th Cir. 1982).[1]  Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.  See Davis, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 14, 2015
Charleston, South Carolina

---

[1] She is personally responsible for proceeding in a dilatory fashion, the Defendant is suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring her to do so.  Lopez, 669 F.2d at 920.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).